IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 7, 2017

**STATE OF TENNESSEE v. JEFFREY GLYNN MCCOY**

**Appeal from the Circuit Court for Gibson County**
**No. 19202     Clayburn Peeples, Judge**

_____

**No. W2016-01619-CCA-R3-CD**
_____

The defendant, Jeffrey Glynn McCoy, appeals the total effective sentence of 12 years imposed for his Gibson County guilty-pleaded convictions of burglary and theft of property valued at $10,000 or more but less than $60,000, arguing that the trial court erred by imposing terms of 12 years and by ordering that he serve the effective sentence consecutively to a sentence previously imposed in South Carolina. Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgments of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and ROBERT L. HOLLOWAY, JR., JJ., joined.

William Milam, Jackson, Tennessee, for the appellant, Jeffrey Glynn McCoy.

Herbert H. Slatery III, Attorney General and Reporter; Robert W. Wilson, Assistant Attorney General; Garry G. Brown, District Attorney General; and Jerald Campbell and Hillary Lawler Parham, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

The Gibson County Grand Jury charged the defendant with burglary of the Food Rite and the theft of property valued at $10,000 or more but less than $60,000 from the Food Rite on May 7, 2012. Shortly after the defendant's July 13, 2016 trial began, the defendant indicated that he wanted to accept the State's previous offer to plead guilty to the charges in exchange for a Range III, 10-year sentence. By that time, however, the State had withdrawn the offer. The defendant then entered into a "blind plea." Upon being questioned by the court, the defendant admitted his involvement in the burglary and theft of items from the Food Rite.

At the December 2, 2016 sentencing hearing, the trial court considered the presence report and the arguments of counsel. The presence report established that the 42-year-old defendant's criminal history dated back to 1993 and included convictions from Tennessee, Florida, and South Carolina. The defendant's criminal history included multiple convictions of theft, burglary, driving under the influence, and drug possession. The convictions that gave rise to the 25-year South Carolina sentence–burglary, safecracking, and larceny–were nearly identical to the convictions in this case, where the defendant and his cohorts burglarized the Food Rite and cracked the safe inside. In contrast to the lengthy criminal history, the presence report contained no employment history at all.

The court found that the defendant was a Range III offender as to his theft conviction and a career offender as to his burglary conviction. In keeping with its finding that the defendant was a career offender as to his burglary conviction, the trial court sentenced the defendant to serve 12 years at a 60 percent release eligibility percentage. The court imposed a sentence of 12 years with a release eligibility percentage of 45 percent for the theft conviction. The trial court ordered the 12-year sentences to be served concurrently to one another. Based upon its finding that the defendant was a professional criminal and "that his record of criminal activity is extremely extensive," the trial court ordered that the 12-year effective sentence be served consecutively to the 25-year sentence from South Carolina.

In this appeal, the defendant appeals the trial court's decision to impose 12-year sentences and to align his 12-year effective sentence consecutively to the 25-year South Carolina sentence, arguing that "too much weight" was given to his prior criminal history. The State asserts that the sentence is appropriate.

Our standard of review of the trial court's sentencing determinations in this case is whether the trial court abused its discretion, but we apply a "presumption of reasonableness to within-range sentencing decisions that reflect a proper application of the purposes and principles of our Sentencing Act." *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012). The application of the purposes and principles of sentencing involves a consideration of "[t]he potential or lack of potential for the rehabilitation or treatment of the defendant . . . in determining the sentence alternative or length of a term to be imposed." T.C.A. § 40-35-103(5). Trial courts are "required under the 2005 amendments to 'place on the record, either orally or in writing, what enhancement or mitigating factors were considered, if any, as well as the reasons for the sentence, in order to ensure fair and consistent sentencing.'" *Bise*, 380 S.W.3d at 706 n.41 (citing T.C.A. § 40-35-210(e)). Under the holding in *Bise*, "[a] sentence should be upheld so long as it is

within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." *Id.* at 709.

With respect to consecutive sentencing, our supreme court has held that the standard of review adopted in *Bise* "applies similarly" to the imposition of consecutive sentences, "giving deference to the trial court's exercise of its discretionary authority to impose consecutive sentences if it has provided reasons on the record establishing at least one of the seven grounds listed in Tennessee Code Annotated section 40-35-115(b)." *State v. Pollard*, 432 S.W.3d 851, 861 (Tenn. 2013). In *State v. Wilkerson*, 905 S.W.2d 933 (Tenn. 1995), the supreme court imposed two additional requirements for consecutive sentencing when the "dangerous offender" category is used: the court must find that consecutive sentences are reasonably related to the severity of the offenses committed and are necessary to protect the public from further criminal conduct. *Id.* at 937-39; *see State v. Imfeld*, 70 S.W.3d 698, 707-08 (Tenn. 2002).

Here, the record reflects that the trial court, in sentencing the defendant, considered all appropriate principles set forth in Code section 40-35-210(b). The court had no discretion to impose a sentence other than 12 years for the defendant's conviction of burglary. *See* T.C.A. § 40-35-108(c) ("A defendant who is found by the court beyond a reasonable doubt to be a career offender shall receive the maximum sentence within the applicable Range III."); *id.* § 40-35-112(c)(4) ("A Range III sentence is . . . [f]or a Class D felony, not less than eight (8) nor more than twelve (12) years."). The court enhanced the sentence imposed for the defendant's conviction of theft based upon the defendant's extensive criminal history. In our view, no error attends this decision.

The trial court ordered consecutive alignment of the 12-year effective sentence with the 25-year South Carolina sentence the defendant was serving at the time he pleaded guilty in this case based upon its finding that the defendant was a professional criminal and that he had an extensive criminal history. *See* T.C.A. § 40-35-115(b)(1) ("The defendant is a professional criminal who has knowingly devoted the defendant's life to criminal acts as a major source of livelihood . . . ."); *id.* § 40-35-115(b)(2) ("The defendant is an offender whose record of criminal activity is extensive . . . ."). The record thoroughly supports both findings. As indicated, the defendant's history spanned more than two decades and included multiple convictions of burglary and theft, the same crimes at issue in this case. In contrast to his lengthy and extensive criminal history, the defendant had no employment history.

Because the record fully supports the trial court's sentencing decision, we affirm the judgments of the trial court.

_____
JAMES CURWOOD WITT, JR., JUDGE